UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BILLIE CURRY,

                          Plaintiff,

     -v-                           1:12-CV-1673

HUNTINGTON COPPER, LLC;
HUNTINGTON COPPER, MOODY,
MAGUIRE; HCMM, INC.; PATRICK
MAGUIRE, Individually; DAVID PINEDA,
Individually; ROBERT POPKEY, Individually;
and JOHN MORRIS, Individually,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                       OF COUNSEL:

LEVINE & BLIT, PLLC             LEWIS G. SPICER, ESQ.
Attorneys for Plaintiff
499 South Warren Street, Suite 500B
Syracuse, NY  13202

COOPER & ELLIOTT, LLC         REX H. ELLIOTT, ESQ.
Attorneys for Defendants HCMM, Inc. and
   Patrick Maguire
2175 Riverside Drive
Columbus, OH  43221

DAVID PINEDA, pro se
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL  33076

WOJTAN, VALLONE & MELIN, P.C.   GARY J. WOJTAN, ESQ.
Attorneys for Defendant John Morris
2956 Union Road
Cheektowaga, NY  14227


DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Billie Curry ("plaintiff" or "Curry") filed this action on November 9, 2012, against defendants Huntington Copper, LLC ("the LLC"); Huntington Copper, Moody, Maguire[1]; HCMM, Inc.; Patrick Maguire; David Pineda; Robert Popkey; and John Morris alleging sex discrimination and retaliation. She specifically asserts the following nine causes of action: (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) sex discrimination in violation of New York Human Rights Law ("NYHRL"); (3) retaliation in violation of Title VII; (4) retaliation in violation of NYHRL; (5) a violation of the federal Equal Pay Act of 1963; (6) a violation of the New York Equal Pay Act; (7) a violation of the Fair Labor Standards Act of 1938 ("FLSA"); (8) a violation of New York Labor Law ("NYLL"); and (9) intentional infliction of emotional distress.[2]

HCMM, Inc. and Patrick Maguire were served with a copy of the summons and complaint on December 7, 2012. ECF Nos. 4, 5. Robert Popkey and John Morris were served on December 14, 2012. ECF Nos. 6, 7. The LLC received service on January 9, 2013. ECF No. 10. On May 9, 2013, the Clerk of the Court made an entry of default against these five defendants, all of whom had failed to appear in this action.[3] ECF No. 22.

On May 24, 2013, counsel for HCMM, Inc. and Patrick Maguire made an appearance

---

[1] Plaintiff has not served this defendant and believes it is the same entity as HCMM, Inc.

[2] All causes of action, except the Title VII claims, are asserted against all defendants. The Title VII claims are only brought against the business entities—the LLC; Huntington Copper, Moody, Maguire; and HCMM, Inc.

[3] The remaining defendant, David Pineda, has appeared pro se. He filed a motion to dismiss that has been resolved by Memorandum–Decision and Order filed separately on this date.

and filed a motion to vacate the entry of default as it relates to those two defendants. ECF No. 23. This motion has been fully briefed. On June 7, 2013, plaintiff filed a motion for default judgment against the LLC; HCMM, Inc.; Patrick Maguire; Robert Popkey; and John Morris. ECF No. 27. Only HCMM, Inc. and Patrick Maguire filed opposition to plaintiff's motion. Plaintiff replied.

On June 14, 2013, counsel for John Morris made an appearance and, approximately one week later, requested a conference before the Magistrate Judge to discuss filing a motion to vacate the entry of default. ECF No. 31.[4] All motions were considered on submit without oral argument. To date, no appearance has been made on behalf of the LLC or Robert Popkey.

## II. DISCUSSION

### 1. Motion to Vacate Entry of Default

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Whether to vacate an entry of default is left to the discretion of the district court. Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013). In evaluating whether a party has shown good cause to vacate an entry of default, the following factors should be considered: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Id. at 455.

Upon review of the parties' submissions regarding HCMM, Inc. and Patrick Maguire's motion to vacate the entry of default, it is determined that good cause exists. However, the submissions on behalf of John Morris fail to raise any matter that could constitute sufficient

---

[4] Attached to this request were affidavits from Morris and his counsel regarding the substantive arguments in favor of vacating the entry of default against Morris. See ECF Nos. 31-2, 31-3.

cause to justify vacating the entry of default as it relates to him.  Morris was served on December 14, 2012.  No appearance was made on his behalf until June 14, 2013.  His attorney suggests that this delay is excusable because he had engaged in phone conversations with plaintiff's counsel and was under the impression Morris may be voluntarily dismissed from this action.  However, such does not excuse his willful failure to appear or participate in this action for six months.  Moreover, unlike HCMM, Inc. and Patrick Maguire, Morris failed to file any opposition to plaintiff's motion for default judgment.  His only submission was a request for a conference with the Magistrate Judge in connection with the filing of his motion to vacate the entry of default.

Accordingly, HCMM, Inc. and Patrick Maguire's motion to vacate the entry of default will be granted.  John Morris's motion pertaining to his request to vacate the entry of default will be denied.  Thus, the entry of default remains against the LLC, Robert Popkey, and John Morris.

## 2. Liability

After the Clerk of the Court has entered default against a defendant, and the defendant fails to appear or move to set aside the default, a court may enter a default judgment upon plaintiff's motion.  FED. R. CIV. P. 55(b)(2).  However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  J&J Sports Prods., Inc. v. Onyx Dreams Inc., No. 12-CV-5355, 2013 WL 6192546, at *3 (E.D.N.Y. Nov. 26, 2013) (internal quotation marks omitted).

When considering a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [her] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  The court must also determine

- 4 -

whether the plaintiff's factual allegations establish the defendants' liability as a matter of law. Id.; see also  Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court retains discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action . . . .").

As detailed in the accompanying Memorandum–Decision and Order resolving defendant Pineda's motion to dismiss, plaintiff has pleaded sufficient factual allegations in her complaint to support all of her claims.  Curry was an employee of the LLC, and Robert Popkey was a part owner and had direct involvement in the events giving rise to this action in much the same manner as defendant Pineda.  Further, as plaintiff's direct supervisor, John Morris arguably had an even more direct involvement in the allegedly injurious conduct and business transactions that support plaintiff's claims.  Therefore, plaintiff has established, as a matter of law, the liability of the LLC, Robert Popkey, and John Morris.  Default judgment will thus be granted in favor of plaintiff and against these three defendants.

### 3. **Damages**

"[I]t is well established that while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).  To determine damages, a district court may conduct an evidentiary hearing or simply rely on detailed affidavits and other documentary evidence.  Id.

Curry has not submitted affidavits or other documentation from which appropriate damages can be calculated.  She instead requests an evidentiary hearing to determine the

amount of damages she is entitled to receive from the defaulting defendants.  However, as noted above and in the accompanying Memorandum–Decision and Order, this case will proceed with regard to the liability of defendants HCMM, Inc., Patrick Maguire, and David Pineda.  Therefore, any further proceedings related to the issue of damages plaintiff is entitled to receive from the LLC, Robert Popkey, and John Morris will take place after the issue of liability is resolved as it relates to HCMM, Inc., Patrick Maguire, and David Pineda.

Therefore, it is

ORDERED that

1.  Defendants HCMM, Inc. and Patrick Maguire's motion to vacate the entry of default (ECF No. 23) is GRANTED;

2.  The entry of default is VACATED to the extent it entered default against defendants HCMM, Inc. and Patrick Maguire;

3.  Plaintiff's motion for default judgment (ECF No. 27) is GRANTED in part and DENIED in part;

4.  The Clerk of the Court is directed to enter default judgment in favor of plaintiff on the issue of liability against defendants Huntington Copper, LLC (on all causes of action); Robert Popkey (on all but the First and Third Causes of Action); and John Morris (on all but the First and Third Causes of Action);

5.  Plaintiff's motion for default judgment is DENIED as it relates to defendants HCMM, Inc. and Patrick Maguire;

6.  Defendants HCMM, Inc. and Patrick Maguire shall file an answer to the complaint on or before January 14, 2014; and

7.  Defendant John Morris's request to file additional paperwork regarding his motion

to vacate the entry of default (ECF No. 31) is DENIED.

       IT IS SO ORDERED.

                                                                        United States District Judge

Dated:  December 24, 2013
          Utica, New York.