UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BILLIE CURRY,

                 Plaintiff,

   -v-                                         1:12-CV-1673

HUNTINGTON COPPER, LLC; HCMM, INC.;
PATRICK MAGUIRE, Individually; DAVID
PINEDA, Individually; ROBERT POPKEY,
Individually; and JOHN MORRIS, Individually,

                 Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

LEVINE & BLIT, PLLC                   LEWIS G. SPICER, ESQ.
Attorneys for Plaintiff
499 South Warren Street, Suite 500B
Syracuse, NY 13202

COOPER & ELLIOTT, LLC              REX H. ELLIOTT, ESQ.
Attorneys for Defendants HCMM, Inc. and    ADAM P. RICHARDS, ESQ.
   Patrick Maguire
2175 Riverside Drive
Columbus, OH 43221

DAVID PINEDA, pro se
5645 Coral Ridge Drive #155
Coral Springs, FL 33076

WOJTAN, VALLONE & MELIN, P.C.       GARY J. WOJTAN, ESQ.
Attorneys for Defendant John Morris
2956 Union Road
Cheektowaga, NY 14227

---

[1] Curry also named "Huntington Copper, Moody, Maguire" as a defendant in her complaint. However, this entity has not been served, and Curry has indicated that she believes it to be the same entity as HCMM, Inc. Therefore, the Clerk of the Court is directed to remove "Huntington Copper, Moody, Maguire" from the caption.

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Plaintiff Billie Curry ("plaintiff" or "Curry") filed this action on November 9, 2012, asserting various claims of sex discrimination and retaliation against three corporate and four individual defendants, including David Pineda ("Pineda").

On December 24, 2013, a Memorandum–Decision and Order ("the December MDO") was filed denying Pineda's motion to dismiss the complaint. Curry v. Huntington Copper, LLC, 2013 WL 6816424 (N.D.N.Y. Dec. 24, 2013). Also on that date, default judgment was entered, on the issue of liability only, against defendants Huntington Copper, LLC ("the LLC") (on all Causes of Action outlined in the complaint); Robert Popkey (on all but the First and Third Causes of Action); and John Morris (on all but the First and Third Causes of Action). ECF No. 41.[2]

On January 21, 2014, Pineda filed an answer to the complaint in which he asserts a counterclaim alleging that Curry initiated this action in bad faith and with an intent to inflict severe emotional harm upon him. Plaintiff has moved to dismiss the counterclaim and strike certain factual allegations therein from the public record. This motion has been fully briefed and was considered on submit without oral argument.

---

[2] Therefore, as noted in a Decision and Order also filed on December 24, 2013, only the claims asserted against defendants Pineda, Patrick Maguire, and HCMM, Inc. remain with regard to the issue of liability. Any further proceedings related to the issue of damages plaintiff is entitled to receive from the LLC, Robert Popkey, and John Morris will take place after the issue of liability is resolved as it relates to Pineda, Patrick Maguire, and HCMM, Inc.

## II. FACTUAL BACKGROUND

The parties' familiarity with the underlying factual allegations contained in Curry's complaint is assumed. For a complete recitation of same, the parties are directed to the December MDO. Curry, 2013 WL 6816424, at *1–2.

In his answer and counterclaim, Pineda, a Florida resident, reports that he was a part-owner of the LLC and acted as the Manager of the Analysis Department. He maintains that he had no supervisory authority over Curry, who worked as a Regional Vice President of sales in New York state. Pineda denies having any role in the discriminatory conduct alleged by Curry. He specifically denies having any part in the decisions regarding her compensation, performance reviews, or the hiring of Steve Diduch ("Diduch").[3] He further claims he could not possibly have had any role in the termination of her employment on November 21, 2011, since he himself was wrongfully terminated on November 3, 2011.

## III. DISCUSSION

Generally, Pineda alleges that Curry filed the instant action despite knowing he did not take part in any of the allegedly offensive conduct. He concludes that she asserts the claims against him in bad faith and with the intent to cause him severe emotional harm. Curry argues that Pineda's counterclaim for intentional infliction of emotional distress ("IIED")[4] must

---

[3] As explained in the December MDO, Curry alleges that defendants hired Diduch—with whom she had a history of conflict—in retaliation for her complaints of disparate treatment. In his answer and counterclaim, Pineda denies having prior knowledge of Curry's history with Diduch and claims he did not even meet Diduch until after he was hired.

[4] In his opposition, Pineda asserts that he brings three counterclaims: (1) IIED; (2) malicious prosecution; and (3) malicious abuse of process. This is unpersuasive. The words "malicious prosecution" or "abuse of process" do not appear anywhere in his answer and counterclaim. Moreover, the factual allegations contained therein, even liberally construed and accepted as true, do not come close to stating claims for malicious prosecution or abuse of process. Pineda does not allege that Curry's complaint has caused a deprivation of his liberty, as contemplated by the Fourth Amendment. See Washington v. Cnty. of
(continued...)

be dismissed because it is time-barred and the factual allegations fail to state a claim upon which relief can be granted.[5]  She also seeks to have certain factual allegations stricken from the public record.

### A. Motion to Dismiss—Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Although a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Dismissal is appropriate only where a party has failed to provide some basis for the allegations that support the elements of its claims.  See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the pleader's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). These pleading requirements apply to *pro se* plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004).  However, particular

---

[4](...continued)
Rockland, 373 F.3d 310, 316 (2d Cir. 2004) (malicious prosecution claims brought pursuant to 42 U.S.C. § 1983 must implicate a person's right to be free from unreasonable seizures).  Nor has this action yet terminated in his favor.  Further, the mere issuance of a summons and complaint in a civil action cannot support an abuse of process claim.  See Curiano v. Suozzi, 63 N.Y.2d 113, 116–17 (1984).

[5] Although Curry has moved pursuant to both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), "[a]n affirmative defense based on failure to timely commence an action under the applicable statute of limitations is properly brought by way of . . . Rule 12(b)(6)." Coffey v. Donahoe, No. 12-CV-138-A, 2013 WL 3244788, at *3 (W.D.N.Y. June 26, 2013).

deference should be given to a *pro se* litigant's complaint when applying the above standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." (internal quotation marks omitted)). Finally, a district court may consider documents attached to the pleading as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

### 1. Statute of Limitations

Curry maintains that Pineda's counterclaim must be dismissed because it is untimely. The parties agree that the statute of limitations for an IIED claim in New York is one year. See N.Y. C.P.L.R. § 215(3). Curry filed her complaint, the source of Pineda's alleged emotional distress, on November 9, 2012. Pineda filed his counterclaim on January 21, 2014—well over the one year limit. Therefore, the counterclaim is untimely.

Pineda's reliance on the relation-back provision, outlined in N.Y. C.P.L.R. § 203(d), is misplaced. This provision provides that a "counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the . . . counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred." N.Y. C.P.L.R. § 203(d). This allows a defendant "to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint." Carlson v. Zimmerman, 63 A.D.3d 772, 774 (N.Y. App. Div. 2d Dep't 2009) (internal quotation marks omitted). Pineda's counterclaim does not arise from the same transactions as Curry's claims. Instead, his IIED claim rests upon the fact that Curry filed a complaint and asserted claims against him.

Accordingly, Curry's motion to dismiss the counterclaim as untimely will be granted.

## 2. **Failure to State a Claim**

In addition to being barred by the statute of limitations, Pineda's counterclaim fails to state a plausible claim upon which relief can be granted.

To state a claim for IIED under New York law, a plaintiff must allege: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001) (internal quotation marks omitted). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Burns v. Cook, 458 F. Supp. 2d 29, 47 (N.D.N.Y. 2006). "The question of whether the conduct alleged by a plaintiff may rise, as a matter of law, to the level of 'extreme and outrageous' conduct is a question left to the district court in the first instance." Ibraheem v. Wackenhut Servs., Inc., __ F. Supp. 2d __, 2014 WL 1873393, at *13 (E.D.N.Y. 2014).

Pineda alleges that Curry filed the instant action, in which she asserts several claims against him personally, despite knowing he was not involved in the offensive conduct. He essentially alleges that Curry filed frivolous claims against him with an intent to cause severe emotional harm. As described in the December MDO, Curry's allegations against Pineda involve his alleged failure to take corrective action when she reported discriminatory employment practices and concerns regarding Diduch. Even if Curry made these allegations knowing they are false, as a matter of law, such is not sufficiently extreme and outrageous to state a plausible IIED claim. Compare Roach v. Stern, 252 A.D.2d 488, 491–92 (N.Y. App.

Div. 2d Dep't 1998) (reversing the dismissal of an IIED claim where the defendant disc jockey, during a live radio broadcast, handled and made disrespectful comments about the cremated remains of plaintiff's sister).

Accordingly, Curry's motion to dismiss the counterclaim for failure to state a claim will be granted.

### B. Dismissal with Prejudice

Where, as here, a *pro se* litigant's claim is dismissed at the motion to dismiss stage, a court ordinarily does so without prejudice and permits the litigant an opportunity to amend. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) ("Certainly [a] court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Granting Pineda a chance to amend his counterclaim would be futile as same is time-barred. Morever, even a liberal construction of the factual allegations contained therein does not give any indication of a viable claim. Indeed, the entirety of his IIED claim is that Curry filed a frivolous lawsuit against him. The nature of the allegations in Curry's complaint are well known and, even if untrue and asserted in bad faith, cannot support an IIED claim.

Accordingly, the counterclaim will be dismissed with prejudice.

### C. Request to Strike

Finally, Curry seeks to have certain factual allegations contained in Pineda's counterclaim stricken from the public docket pursuant to Federal Rule of Civil Procedure 12(f). Specifically, paragraphs 7(a), 7(b), and 7(c) of the counterclaim contain allegations relating to Curry's prior interaction with Diduch. Curry characterizes these allegations as scandalous and immaterial.

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Baron v. Miller, No. 3:13-CV-153, 2014 WL 3956562, at *12 (N.D.N.Y. Aug. 13, 2014) (Scullin, S.J. & Peebles, M.J.) (internal quotation marks omitted).

Although defendants' knowledge of the history of conflict between Curry and Diduch is relevant to this litigation, there is no need to permit Pineda's allegations—which he makes "upon information and belief"—to remain on the public docket since his counterclaim will be dismissed with prejudice. See Tucker v. Am. Int'l Grp., Inc., 936 F. Supp. 2d 1, 16 (D. Conn. 2013) ("Even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in needless detail." (internal quotation marks omitted)).

Accordingly, Curry's motion to strike will be granted, but will be limited to paragraphs 7(a), 7(b), and 7(c) of the counterclaim.

## IV. CONCLUSION

Pineda's counterclaim for IIED is barred by the one-year statute of limitations and fails to state a plausible claim upon which relief can be granted. As an amendment to his pleading would be futile, such will be dismissed with prejudice. Further, in light of the dismissal, there is no need to permit certain allegations to remain on the public docket.

Therefore, it is

ORDERED that

1. Plaintiff Billie Curry's motion to dismiss and to strike is GRANTED in its entirety;

2. Defendant David Pineda's counterclaim is DISMISSED with prejudice; and

3. The Clerk of the Court is directed to strike paragraphs 7(a), 7(b), and 7(c) of defendant's counterclaim and file a version of the document redacted accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 29, 2014
      Utica, New York.